JONATHAN CRANDALL, Appellant, v. JOHN B. ELDRIDGE, Respondent.

*Statute regulating division fences* — 1 R. S. (5th ed.), 833, secs. 30, 37 — *the party injured is confined to the damages specified in the statute.*

This action was brought by the plaintiff to recover the damages sustained by him in the loss of a colt which was drowned in a pit or morass existing upon the adjoining lands of the defendant. Upon the trial it appeared that the colt had strayed from the plaintiff's lot upon the adjoining lot of the defendant, passing from one lot to the other, at a place where the division fence, which the defendant was bound to repair and maintain, was out of repair.

*Held*, that, independently of the statute (secs. 30 and 37 of 1 R. S. [5th ed.], 833) imposing upon adjacent owners the duty of maintaining division fences, the plaintiff would have no right of recovery; first, because he would have been bound to restrain his own cattle; second, because the defendant might lawfully retain upon his premises the pit or morass which nature placed there.

That, as the statute restricts the recovery of a party, injured by the neglect of an adjoining owner to repair or maintain his portion of the division fence, to "such damages as shall accrue to his lands and the crops, fruit trees and shrubbery thereon, and fixtures connected with the said land," the plaintiff could not recover the damages occasioned by the drowning of his colt in the pit or morass.

That, as the statute regulating the repairing and maintenance of division fences confers no rights or duties, except as between the owners of adjoining lands, and the negligence of an owner in failing to comply with the duty thereby imposed upon him, does not concern the general public, the rule applies that when a new right is conferred upon one, and a corresponding duty is enjoined upon another, by statute, the defaulting party is answerable only to the extent prescribed by the statute.

*Graham* v. *President, etc., of Delaware and Hudson Canal Company (ante, p.* 386), distinguished.

APPEAL from a judgment of the County Court of Washington county, entered upon an order dismissing the complaint and directing judgment to be entered for the defendant.

Upon the trial evidence was given by the plaintiff tending to show that in the fall of 1884, the time at which the horse in question was killed, and for many years previous, the plaintiff and defendant were and had been in occupation of contiguous farms in the town of Easton, Washington county, N. Y., between which was a division fence. Upon the farm of defendant there was a slough, or what was in that section of country termed and known as "The Vly," consisting of an area of two acres or so.

This " Vly " was of oblong outline, and extended diagonally upto the division fence, where it made a small ditch or outlet through which the water sometimes collecting upon its surface passed off. It is bordered by occasional trees and bushes, is covered with grass, and has some bushes growing thereon. Underneath its grassy surface it resembles a mortar-bed, so soft that a person may cause the surface to undulate for a distance, and a pole ten feet long may be forced down its entire length. This division fence ran north and south, and the defendant, Eldridge's, portion of this division fence commenced at the outlet of this " Vly," and extended north about forty or forty-five rods. It was this portion of the division fence the horse passed over.

*James White,* for the appellant.

*Job G. Sherman,* for the repondent.

LANDON, J. :

Independently of the statute the plaintiff would have no right of recovery, first, because he would have been bound to restrain his own cattle ; second, the defendant may lawfully retain upon his premises the pit or morass which nature placed there. He is no more obliged to erect guards around it, than he would be around a natural lake or pond in which men or animals might be drowned. The statute, however, requires this defendant to keep the division fence between his and the plaintiff's lands in repair. (1 R. S., m. p., 353, § 30.) It prescribes the nature of the liability incurred if he neglects this duty. That liability was by the Revised Statutes (id., § 37, m. p., 354), declared to be a liability " to pay to the party injured all such damages as shall accrue thereby." An attempt was made in the case of *Clark* v. *Brown* (18 Wend., 213), to make a defendant liable under this statute for the cattle of the plaintiff which passed from the plaintiff's land upon the defendant's land through a defective division fence which the defendant neglected to keep in repair, which cattle there died from eating too much green corn, which the defendant was lawfully raising. The case, as we are told in *Stafford* v. *Ingersol* (3 Hill, 38), led to the amendment of the statute the next year (chap. 261, Laws 1838 ; 3 Edm., 300) which restricts the recovery of the party injured to such damages as shall accrue to his lands, crops, fruit trees,

shrubbery and fixtures connected with the land ; and thus the statute stands now. We are cited to no case in which relief under this statute has been given, because of injuries sustained by cattle which escape from the owner's inclosure by reason of such defective fence.

It is urged that since the statute enjoins a duty, the non-performance of it is negligence, and the injured party is entitled to full compensation for all the injuries he sustains. But the statute in regard to division fences authorizes the parties to elect between their common law rights and liabilities, and their statutory rights and liabilities, and the inference is strong that when the parties elect to be governed by their statutory rights and liabilities they only elect to assume such liabilities as the statute declares.

We have held at this term (*Graham* v. *Pres., etc., of D. & H. C. Co.*) * that a railroad company is liable as for negligence for the cattle of the adjoining owner, killed by falling into the cut or excavation through which the railroad passes, the company having failed to fence the same, although the statute which imposes the duty declares the liability in case of omission to be for " damages which shall be done by the agents or engines of any such corporation to any cattle, horses," etc. We held that the defendant was guilty of negligence, and liable for the full measure of the injury caused thereby, and was not exempted, in the case of injury to the cattle of the adjoining proprietor, from liability for such injuries as were caused otherwise than by engines and agents.

It is quite clear that the legislature, in framing the act relative to fencing railroads, understood that the statute, relative to division fences only provided for damages done by cattle to land and crops, and not to the cattle themselves, and they, therefore, extended the railroad statute to cover damages done to the cattle escaping from the lands of the innocent and adjoining owner. The latter statute is construed as devolving a duty for public ends upon the railroad company, and thus imputes negligence for its non-observance, and, as a consequence, gives a remedy to the adjoining proprietor, specially injured by such non-observance, for the damages suffered by him. The division fence statute tenders to adjoining owners an optional relation, and regulates its conditions. When adopted, its conditions are adopted, and public policy does not require that the

---

* Reported, *ante*, p. 386.

consequences of a neglect to observe the duty should entail any further liability than the statute prescribes. The rule applies, that when a new right is conferred upon one, and a corresponding duty is enjoined upon another by statute, the defaulting party is answerable to the other party, only to the extent prescribed by the statute. But when the duty enjoined is for the benefit of the public, as well as for persons holding special relations to the party upon whom the duty is enjoined, we think the neglect of that duty gives to the party injured all the relief due to him in either or both relations. The division fence statute confers no rights or duties except as between the owners of adjoining lands and those who hold under them; and hence, negligence with respect to division fences, does not concern the general public, and hence gives no rights springing from the violation of a public duty. It follows, therefore, that when the plaintiff's colt passed through the division fence, which defendant was bound to repair, the defendant was not liable for the death of the colt, caused by its drowning in defendant's morass; the colt, as between the parties, was lawfully there, the morass was lawfully there, and when the colt fell into the morass it was a casualty for which the defendant was not liable.

The judgment should be affirmed, with costs.

FISH and PARKER, JJ., concurred.

Judgment affirmed, with costs.